1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARETHA COOK, OMAR COOK, | ) | 1:12cv0150 AWI DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| FRESNO POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Aretha Cook and Omar Cook filed this civil rights action on February 1, 2012.
In the complaint, Aretha Cook states that she is pursuing this action on behalf of her son, Omar
Cook, who is mentally incompetent.

On February 9, 2012, the Court issued an order requiring Aretha Cook to submit an
application for appointment of a guardian ad litem. The Court explained that if she, or another
qualified individual wished to proceed on Omar's behalf, appointment of a guardian ad litem was
necessary. The Court also warned Aretha Cook that she could not act on behalf of her son unless
she was represented by counsel. Aretah Cook, or another qualified individual, was ordered to
submit an application for appointment of a guardian ad litem and proof of representation by
counsel within thirty (30) days. Over thirty (30) days have passed and Aretha Cook has not
complied with the Court's order.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 1, 2012, with no further communication from Plaintiff. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy

1    favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

2    dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

3    court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

4    Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's

5    February 9, 2012, order expressly stated: "Complete failure to respond to this order will result in

6    a recommendation that this action be dismissed."  Thus, Plaintiff had adequate warning that

7    dismissal would result from noncompliance with the Court's order.

8                                           **<u>RECOMMENDATION</u>**

9           Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

10   failure to follow a court order.

11          These findings and recommendations will be submitted to the Honorable Anthony W.

12   Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

13   being served with these Findings and Recommendations, Plaintiff may file written objections

14   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

15   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

16   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

17   (9th Cir. 1991).

18          IT IS SO ORDERED.

19       **Dated:   March 19, 2012                      /s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28